UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA SAYYEDALHOSSEINI,<br><br>Plaintiff,<br><br>v.<br><br>LOS RIOS COMMUNITY COLLEGE DISTRICT, *et al.*<br><br>Defendants. | Case No. 2:23-cv-01571-DJC-JDP<br><br>**ORDER**<br><br>GRANTING DEFENDANTS' MOTION TO QUASH AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE<br><br>ECF Nos. 6 & 15 |

    Plaintiff filed a complaint alleging that defendants Los Rios Community College District and Folsom Lake College violated Title VII of the Civil Rights Act of 1964 by unlawfully terminating her employment in retaliation for filing a complaint of sexual harassment with the United States Equal Employment Opportunity Commission. *See* ECF No. 1.[1] Defendants filed a motion to quash or dismiss for insufficient service of process. ECF No. 6. Plaintiff subsequently filed a motion for entry of judgment, which the court construes as a motion for default judgment under Federal Rule of Civil Procedure 55(b). ECF No. 15. After reviewing the parties' filings

---

[1] The district judge previously approved defendants' notice of related cases, finding that this action and Case Number 2:23-cv-01569-DJC-JDP are related within the meaning of Local Rule 123(a), as they involve "similar questions of fact and the same question of law," warranting assignment to the same judge "to effect a substantial savings of judicial effort." *See* ECF No. 16.

for each motion, I will grant defendants' motion and quash service of process, and deny plaintiff's motion for default judgment.[2]

**Defendants' Motion to Quash or Dismiss for Insufficient Service of Process**

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to file a motion to dismiss based on insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). The United States Supreme Court has recognized that "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). A federal court lacks personal jurisdiction over a defendant who has not been served with a complaint and summons in accordance with Federal Rule of Civil Procedure 4, which governs service of process for all suits in federal court. *Crowley v. Bannister,* 734 F.3d 967, 974-75 (9th Cir. 2013) (quotations and citation omitted); *see generally*, Fed. R. Civ. P. 4.

"Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Com'l Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Accordingly, minor defects in a summons, such as failing to name all the defendants or specifying the incorrect date to file the answer, generally would not warrant dismissal unless prejudice is shown. *Id.* (citations omitted). But if service was not made in "substantial compliance" with the requirements of Rule 4, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (citation omitted).

Once service is challenged, the plaintiff bears the burden of establishing that service was valid. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If the facts show that service of process was insufficient, the district court has discretion to dismiss the action or quash the service. *See S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citation omitted).

---

[2] Pursuant to Local Rule 230(g), the hearing calendared for November 16, 2023, was vacated, and the motions were ordered submitted without oral argument. *See* ECF No. 24.

At issue is whether plaintiff served defendants in compliance with Rule 4(j)(2), which governs service of state or local public entities.[3]  Under this provision, a municipal corporation or any other state-created governmental organization must be served by: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Fed. R. Civ. P. 4(j)(2).  In turn, California law provides that "[a] summons may be served on a public entity by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body."  Cal. Civ. P. Code § 416.50(a).  Section 415.20(a) of the California Code of Civil Procedure sets forth the requirements for substitute service on a public entity defendant:

> In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section . . . 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Civ. P. Code § 415.20(a).

Plaintiff filed the complaint on July 31, 2023.  ECF No. 1.  Plaintiff subsequently filed a "Clarification Regarding Proof of Service" that included as an exhibit a copy of an "Affidavit of Service" that was signed by plaintiff's process server on August 22, 2023.  *See* ECF No. 5 at 9.  In the Affidavit, the process server states that defendant Los Rios Community College District was served with the summons and complaint on August 17, 2023, by "personally serv[ing] Laura Machado" in Human Resources.  *Id.*

---

[3] "[T]he Los Rios Community College District . . . is overseen by the [California] Community College Board of Governors, whose members are appointed by the Governor." *Bettencourt v. Los Rios Cmty. Coll. Dist.*, 42 Cal. 3d 270, 276-77 (1986) (citing Cal. Educ. Code § 71000).  Additionally, defendants explain that, although Folsom Lake College is included as a defendant in the motion to quash, it "is merely a campus of the Los Rios Community College District" and therefore does not exist as a separate legal entity from the District.  ECF No. 6-1 at 2 n.1 (citing Cal. Educ. Code §§ 72000(a), 70902(a)(1)).  Accordingly, in this action, plaintiff need only effect proper service of process on the District to satisfy Rule 4's requirements.

Defendants contend that service was deficient because the process server did not deliver the summons and complaint to the person authorized to accept service of process for the District. Defendants state that the individual that plaintiff served, Laura Machado, is an administrative assistant in the District's Finance and Administration Department. ECF No. 6-1 at 2; ECF No. 6-2 at ¶ 4.[4] Defendants identify Chancellor Dr. Brian King as the District's chief executive officer and agent for service of process. ECF No. 6-1 at 2; ECF No. 6-2 at ¶¶ 5-7; ECF No. 6-3, Exhibit B.[5] Defendants also state that the Chancellor's Office, and not the Human Resources Department, is the proper location to serve legal documents. *See* ECF No. 18 at 3 (citing the Los Rios Community College District website, https://losrios.edu/about-los-rios/maps-and-parking/district-office-maps-and-parking (last visited April 22, 2024)).

In opposing the motion to quash, plaintiff submitted an "updated" Affidavit of Service that was signed by the process server on September 7, 2023. In the "updated" Affidavit, the process server provided the following "additional comments":

> When I arrived [at the] given address, I stated that I had legal documents for service of process and asked for someone in the legal department or Human Resources who was authorized to accept service of process. I was directed to Laura Machado who stated she was happy to sign for the documents. I replied that a signature was not require[d] for service of process.

ECF No. 9 at 21.

---

[4] Defendants' counsel submitted a declaration in support of the motion to quash. ECF No. 6-2. To establish Ms. Machado's position at the District, defendants' counsel references the Los Rios Community College District website, which lists Ms. Machado as a "Confidential Administrative Assistant" in the Finance and Administration Department. *Id.* at ¶ 4; https://employees.losrios.edu/our-organization/departments-and-offices/finance-and administration (last visited April 23, 2024).

[5] Defendants request that the court take judicial notice of the Los Rios Community College Board Policy No. P. 8711, which states that "The Chancellor shall be the District's agent for service of process." *See* ECF No. 6-3, Exhibit B. Policy No. P. 8711 is available on the District's website at https://losrios.edu/about-los-rios/board-of-trustees/policies-and-regulations. *See* ECF No. 6-2 at 2. Defendants also request that the court take judicial notice of the fact that the Los Rios Community College District's Chief Executive Officer is Chancellor Brian King, which is reflected on the District's website at https://losrios.edu/about-los-rios/chancellor. ECF No. 6-2 at 2; ECF No. 6-3. Because the foregoing information is not disputed and is publicly displayed on the District's website, the court grants defendants' request for judicial notice. *See King v. Cnty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018) (taking judicial notice of the "undisputed and publicly available information displayed on government websites").

The court concludes that plaintiff's service was improper under Rule 4 and California law. By directing service to the District's Human Resources Department, and delivering the summons and complaint to Ms. Machado—an administrative assistant who worked in the District's Finance Department—plaintiff failed to comply with Rule 4(j)(2)(A), which requires delivery to a public entity's chief executive officer. Defendants have adequately established that Chancellor King serves in this role for the District, and that Chancellor King is the designated agent for service of process. Plaintiff likewise did not satisfy Section 416.50(a) of the California Code of Civil Procedure, which requires delivery to the public entity's "clerk, secretary, president, presiding officer, or other head of its governing body." *See* Cal. Civ. P. Code § 416.50(a). Neither did plaintiff execute substituted service under California law by leaving a copy of the summons and complaint with the person "who is apparently in charge" of the Chancellor's office. *See* Cal. Civ. P. Code § 415.20(a). And even if service had been made to the person in charge of the Chancellor's office, plaintiff has not shown that he "thereafter mail[ed] a copy of the summons and complaint" to Chancellor King. *See* Cal. Civ. P. Code § 415.20(a).

Although plaintiff contends that service was proper because Ms. Machado asserted authority to accept service, *see* ECF No. 9 at 4, courts have held that "even if a person states that he or she is authorized to accept service, that is not proof that the person actually has the authority to do so." *Aspire Home Healthcare, Inc. v. Therastaff, LLC*, 2014 WL 12539703, at *2 (S.D. Cal. Apr. 11, 2014) (citation omitted); *see also White v. San Bernardino Cnty. Superintendent of Sch.*, 2020 WL 2303100, at *3 (C.D. Cal. Jan. 21, 2020) ("[A]n agent's assertion that they are authorized to accept service, without more, is insufficient to establish actual or ostensible authority to accept service on behalf of a principal."). Plaintiff has not made any showing that Ms. Machado had actual authority to accept service of process; neither has plaintiff demonstrated that any conduct by defendants ostensibly authorized Ms. Machado—or any other District employee aside from the Chancellor—to accept service of process. Accordingly, plaintiff's service of the summons and complaint on defendants was not proper.

Based on the foregoing, plaintiff has not established "substantial compliance" with Rule 4. Because service is deficient, the court has discretion to either dismiss the action or quash service.

1  Considering plaintiff's pro se status, the lack of prejudice to defendants, and the likelihood that
2  plaintiff will be able to effect proper service, I find that dismissal of the action under Rule
3  12(b)(5) is not justified, and I will instead quash service of process.

### Plaintiff's Motion for Default Judgment

Plaintiff filed a motion for entry of judgment, which the court construes as a motion for default judgment under Federal Rule of Civil Procedure 55(b). *See* ECF Nos. 15, 21. Obtaining a default judgment is a two-step process. First, under Rule 55(a), the court clerk enters default when a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once the clerk enters default, a plaintiff may apply to the district court for a default judgment under Rule 55(b). *See* Fed. R. Civ. P. 55(b)(2). An initial entry of default by the court clerk, however, does not automatically entitle a plaintiff to a court-ordered judgment. "[T]he general rule [is] that default judgments are ordinarily disfavored." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citation omitted). "Whenever it is reasonably possible, cases should be decided upon their merits." *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985) (citation omitted).

Here, there is no default entered under Rule 55(a), and none is warranted because defendants did not fail to defend their case. As mandated by Rule 12(b), defendants properly moved to dismiss before filing any responsive pleading. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of [the] defenses [listed in Rule 12(b)(1)-(7)] must be made before pleading if a responsive pleading is allowed."). Accordingly, plaintiff's motion for default judgment is denied.[6]

Accordingly, it is hereby ORDERED that:

1. Defendant's motion to quash service, ECF No. 6, is granted.

2. Plaintiff is granted thirty days to serve defendant Los Rios Community College District and file with the court proof of service demonstrating that defendant was properly served.

---

[6] In the event that plaintiff intended her motion to be construed as a motion for summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure, such a motion would be subject to dismissal as premature because it was brought before defendants filed an answer and before discovery commenced.

   3. Plaintiff is warned that failure to comply with this order will result in a recommendation that this action be dismissed without prejudice for failure to effect proper service of process.

   4. Plaintiff's motion for entry of judgment, ECF No. 15, is denied.

IT IS SO ORDERED.

Dated: June 6, 2024           _____
                     JEREMY D. PETERSON
                     UNITED STATES MAGISTRATE JUDGE