UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA SAYYEDALHOSSEINI, | Case No. 2:23-cv-1571-DJC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| LOS RIOS COMMUNITY COLLEGE DISTRICT, *et al.*, | |
| Defendants. | |

Plaintiff, proceeding without counsel, commenced this action against defendants Los Rios Community College District and Folsom Lake College.  Plaintiff alleges that defendants violated Title VII of the Civil Rights Act of 1964 by unlawfully terminating her employment in retaliation for her filing of a discrimination complaint with the United States Equal Employment Opportunity Commission.  ECF No. 1.  Pending before the court is defendants' motion to dismiss.  ECF No. 30.  Plaintiff filed an opposition, ECF No. 33, defendants filed a reply, ECF No. 34, and plaintiff filed a sur-reply, ECF No. 35, all of which the court has considered.  The court finds that the complaint violates Rule 8 and will dismiss it with leave to amend.  Additionally, the court recommends that defendant Folsom Lake College be dismissed without leave to amend because it is not a separate legal entity from defendant Los Rios Community College District.

**Requests for Judicial Notice**

As a preliminary matter, defendants ask the court to take judicial notice of documents pertaining to plaintiff's administrative file with the EEOC. *See* ECF Nos. 30-2. The documents consist of four EEOC charges and corresponding EEOC Right to Sue Notices underlying plaintiff's claims. *See id.* Plaintiff's opposition enumerates thirteen objections to the motion, none of which appear to address or oppose this request. *See generally* ECF No. 33.

Under Rule 201, administrative agency records, including decisional documents, are subject to judicial notice. *See* Fed. R. Evid. 201(c)(2). Judicial notice establishes only that these documents are as they are; it does not establish the correctness of any determinations therein. *See Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 435 (9th Cir. 1992) (taking judicial notice of the existence of a state administrative agency's published decisions); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." (internal quotation omitted)). Administrative charges filed with the EEOC and Right to Sue Notices issued by the EEOC are subject to judicial notice and are public records of an administrative body. *See Dornell v. City of San Mateo*, 19 F. Supp. 3d 900, 904, n.3 (N.D. Cal. 2013). Defendants' request is granted, and the court will consider the attached documents. *See* ECF No. 30-2.

Plaintiff separately filed a request for judicial notice of various documents, including court filings related to injunctions against individuals who are not parties to this suit, filings related to naturalization, and various EEOC documents. *See* ECF No. 38. Because these documents appear to relate to plaintiff's underlying claims and not to the issues addressed in the motion to dismiss, the court denies the request without prejudice. *See Young v. Schultz*, No. 22-CV-05203-TSH, 2023 WL 3324687, at *2 (N.D. Cal. May 8, 2023) (declining to take judicial notice of facts and documents irrelevant to the instant motion).

**Motion to Dismiss**

**A. Legal Standard**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**B. Allegations**

The complaint's allegations are numerous and difficult to decipher. *See generally* ECF No. 1. The complaint runs 136 pages in length, single spaced, with 143 exhibits, totaling 1,296 pages. *Id.* From what the court can discern, plaintiff claims that defendants engaged in unlawful retaliation and terminated her position as a professor at Folsom Lake College after she experienced and reported sexual harassment from a dean at the college. ECF No. 1 at 20. She purports to bring this action pursuant to one of several EEOC charges.

**Analysis**

Defendants move to dismiss under three distinct legal grounds. First, defendants argue that the complaint violates Rule 8 because it does not contain a short and plain statement of claims. ECF No. 30-1 at 3-4. Next, defendants argue dismissal is proper under Rule 12(b)(6)

3

1  because plaintiff failed to file her complaint by the EEOC's 90-day deadline. *Id.* at 6-7. Finally,
2  defendants request dismissal of defendant Folsom Lake College ("Folsom Lake") because it is not
3  a separate legal entity from defendant Los Rios Community College District ("District").
4  Plaintiff has filed an opposition, which the court has reviewed—notably, the opposition runs 657
5  pages. ECF No. 33. The opposition appears to reiterate claims alleged in the complaint. Because
6  the complaint violates Rule 8, the court will dismiss it with leave to amend. The court also
7  recommends that defendant Folsom Lake be dismissed without leave to amend because it is not a
8  proper defendant.
9        Federal Rule of Civil Procedure 8 "Federal Rule of Civil Procedure 8(a)(2) requires only
10 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to
11 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"
12 *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47
13 (1957)). Although a complaint is not required to include detailed factual allegations, it must set
14 forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its
15 face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain
16 "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to
17 defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).
18       A district court may dismiss a complaint for failure to comply with Rule 8(a)(2) if the
19 complaint is "verbose, confusing and conclusory." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d
20 671, 674 (9th Cir. 1981); accord *Brosnahan v. Caliber Home Loans, Inc.*, 765 F. App'x 173, 174
21 (9th Cir. 2019) (same, quoting *id.*). Additionally, a court may dismiss a complaint for failure to
22 comply with Rule 8(a) if it is "argumentative, prolix, replete with redundancy, and largely
23 irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). "[A] dismissal for a
24 violation under Rule 8(a)(2)[] is usually confined to instances in which the complaint is so
25 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Hearns v.*
26 *San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of*
27 *Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)).
28       Plaintiff's complaint falls into the category of cases the Ninth Circuit warned of in

*Hearns*. The allegations are hidden amongst a sheer mass of unorganized text and exhibits. Indeed, the complaint is much longer than other complaints that have been stricken for failure to make a "short and plain statement" of the claim for relief. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) (affirming dismissal of a 53-page complaint); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (affirming dismissal of a 48-page complaint); *Agnew v. Moody*, 330 F.2d 868 (9th Cir. 1964) (affirming dismissal of a 55-page complaint); *Stephen C. v. Bureau of Indian Educ.*, No. CV-17-08004-PCT-SPL, 2017 WL 11614523, at *1 (D. Ariz. May 8, 2017) (dismissing a 101-page complaint).

The complaint also violates Rule 8 by not providing defendants with fair notice of the claims. The court does not expect defendants to wade through 1,296 pages to discern plaintiff's claims. The complaint, as it stands, would "burden [defendants] with the onerous task of combing through a [1,296]-page pleading just to prepare an answer that admits or denies such allegations, and to determine what claims and allegations must be defended or otherwise litigated." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). Accordingly, the court dismisses the complaint with leave to amend for violation of Rule 8.

Defendants next argue that defendant Folsom Lake is not a separate legal entity from the District and that all claims brought against Folsom Lake must therefore be dismissed. ECF No. 30-1 at 7-9. Indeed, Folsom Lake is not a proper defendant because it is not a separate legal entity from the District.[1] *Cf.* Cal. Ed. Code §§ 72000(a) ("The *district* and its governing board may sue and be sued . . . .") (emphasis added), 70902(a)(1) ("The governing board of each community college *district* shall establish, maintain, operate, and govern one or more community colleges in accordance with law.") (emphasis added), 87706 ("[N]o community college *district*, or any officer or employee of such district or board shall be responsible or in any way liable for the conduct or safety of any student of the public schools at any time when such student is not in school property . . . .") (emphasis added), 81600 ("The governing board of a community college

[1] The court noted in its June 7, 2024 order that Folsom Lake is not a separate legal entity from the District. *See* ECF No. 25 at 3.

*district* shall manage and control school property within its district.") (emphasis added). Accordingly, Folsom Lake should be dismissed without leave to amend. *See Amaral v. Beloglovsky*, No. 2:23-cv-2378-DAD-AC, 2024 WL 1557474, at *3 (E.D. Cal. Apr. 10, 2024) (dismissing Consumnes River College because it was not a separate legal entity from defendant Los Rios Community College District).

Defendants lastly argue that plaintiff's complaint should be dismissed because her expired and the unexpired EEOC charges purport to allege seemingly similar claims as her complaint. ECF No. 30-1 at 6-7. As it stands, the court cannot tell whether the claims plaintiff is attempting to allege in her complaint are the same claims she raised in her unexpired EEOC charge. Because plaintiff is being provided with an opportunity to amend, the court finds it would be a waste of judicial resources to address the merits now.

**Conclusion**

Plaintiff will be given one opportunity to amend the complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Plaintiff should take ensure that her amended complaint provides each defendant with adequate notice of the claims against them. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). She shall also set forth her claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c).

Accordingly, it is hereby ORDERED that:

1. Defendant's motion to dismiss, ECF No. 30, is GRANTED IN PART and DENIED IN PART.

2. Plaintiff is granted an opportunity to amend the complaint within thirty days of any order addressing these recommendations. Should plaintiff choose to amend, she is cautioned to be judicious in her pleadings.

Further, it is hereby RECOMMENDED that defendant Folsom Lake College be DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: February 4, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE