1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SONIA SAYYEDALHOSSEINI,                    Case No.   2:23-cv-1571-DJC-JDP (PS)

12                 Plaintiff,

13           v.                                  FINDINGS AND RECOMMENDATIONS

14    LOSRIOS COMMUNITY COLLEGE
      DISTRICT,
15
                   Defendant.
16

17

18           Plaintiff, proceeding pro se, brings this case against defendant Los Rios Community

19    College District, alleging that it violated Title VII of the Civil Rights Act of 1964 by unlawfully

20    terminating her employment in retaliation for her filing of a discrimination complaint with the

21    United States Equal Employment Opportunity Commission ("EEOC").  ECF No. 43 at 4-5.

22    Defendant has filed a motion to dismiss the operative complaint, ECF No. 45, and a separate

23    motion to strike portions of the operative complaint, ECF No. 46.  For the reasons below, I

24    recommend that the motion to dismiss be granted in part and the motion to strike be granted in

25    part.

26

27

28

                                                  1

1       **Motion to Dismiss**

2       **I.       Legal Standards**

3              A complaint may be dismissed under that rule for "failure to state a claim upon which

4       relief may be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to

5       state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its

6       face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility

7       when the plaintiff pleads factual content that allows the court to draw the reasonable inference

8       that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

9       (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability

10      requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.

11      Iqbal, 556 U.S. at 678.

12             For purposes of dismissal under Rule 12(b)(6), the court generally considers only

13      allegations contained in the pleadings, exhibits attached to the complaint, and matters properly

14      subject to judicial notice, and construes all well-pleaded material factual allegations in the light

15      most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710

16      F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

17             Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal

18      theory, or (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co.*, 710 F.3d

19      at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the

20      claim.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

21      **II.      Background**

22             This action proceeds on the first amended complaint.  ECF No. 43.  The initial complaint

23      was dismissed with leave to amend as non-compliant with Rule 8.  ECF No. 39 at 4-5; ECF No.

24      42.  The operative, amended complaint is still difficult to decipher in parts.  There are forty-one

25      pages of poorly organized allegations accompanied by one hundred thirty-nine pages of exhibits.

26      ECF No. 43.  Plaintiff alleges that defendant employed her as an adjunct professor of human

27      anatomy and physiology on or about August 8, 2018.  ECF No. 43 at 12-13.  She claims that her

28      immediate supervisor, Gregory McCormac, sexually harassed her and retaliated against her

spouse, who was also employed by defendant starting in 2019. *Id.* at 13. Defendant conducted an internal investigation of her allegations and ultimately determined that they could not be substantiated. *Id.* at 14. Plaintiff and her husband were terminated on May 21, 2020 by McCormac. *Id.* No reason was initially offered for the termination, but later an employee of defendant informed plaintiff that the termination was part of a pandemic-related reduction in courses. *Id.*

Plaintiff alleges that an EEOC investigation was initiated at some point in 2020 and, after two years, determined that defendant was guilty of violating Title VII of the Civil Rights Act. *Id.* at 16. She claims that during this investigation defendant "attempted to mislead the course of justice" and "manipulate the investigation's outcome." *Id.* In total, plaintiff brought four separate EEOC charges.[1] Plaintiff has emphasized that she intends this action to proceed only on the second charge, numbered 555-2020-01235. ECF No. 50 at 2. That charge alleges that defendant retaliated against her for invoking her Title VII rights. ECF No. 45-2 at 11.

### III.    Analysis

After review of the pleadings, I find that defendant's motion to dismiss should be granted in part. Specifically, all claims in the complaint, other than the retaliation claim recited in charge 555-2020-01235, should be dismissed. In so recommending, I reject, for the reasons to follow, defendant's arguments that the entirety of the complaint should be dismissed without leave to amend.

### A.  Rule 8

Defendant's first argument is that the amended complaint, like its predecessor, is non-compliant with Rule 8 of the Federal Rules of Civil Procedure. I disagree. As an initial matter, pro se pleadings are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). In weighing a pro se litigant's pleadings, a court must afford that party "the benefit of any doubt."

---

[1] Defendant asks that I take judicial notice of the EEOC documents that it appends to its motion to dismiss. ECF No. 45-2 at 1. I will do so. Courts in this circuit have taken judicial notice of portions of EEOC documentation in similar circumstances. *See Overstreet v. Living Spaces Furniture LLC*, No. CV-23-00248-PHX-ROS, 2023 U.S. Dist. LEXIS 117010, *8-11 (Dist. Ariz. Jul. 7, 2023).

1    *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  It cannot be disputed that

2    plaintiff's complaint is lacking in many respects.  It suffers from poor organization, is too long,

3    and is often digressive.  Nevertheless, it is sufficient insofar as it puts the defendant on notice of

4    the retaliation claim that forms the primary basis for this suit, and that makes it compliant with

5    Rule 8, which requires only "a short and plain statement of the claim showing that the pleader is

6    entitled to relief." Fed. R. Civ. P. 8(a)(2).  Here, despite the chaff that surrounds it, there is a

7    comprehensible statement of plaintiff's claim at the core of the complaint.

8                                **B.  Timeliness**

9            Next, defendant argues that plaintiff's suit was untimely insofar as it was filed more than

10   ninety days after receipt of the right to sue notice.  A lawsuit based on an EEOC charge must be

11   filed within ninety days of the associated notice of the right to sue.  *See Scholar v. Pacific Bell*,

12   963 F.2d 264, 267 (9th Cir. 1992) ("When the Equal Employment Opportunity Commission

13   (EEOC) dismisses a claim, it is required to notify claimant and to inform claimant that she has 90

14   days to bring a civil action.  The requirement for filing a Title VII civil action within 90 days

15   from the date EEOC dismisses a claim constitutes a statute of limitations.") (internal citations

16   omitted).  Where a plaintiff files multiple EEOC charges, she may not re-allege the same claims

17   from an earlier charge to restart the ninety-day clock.  *See Harrach v. Berryhill*, No. CV-17-

18   04244-PHX-DLR, 2018 U.S. Dist. LEXIS 214394, *10 (Dist. Ariz. Dec. 18, 2018) ("Allowing a

19   plaintiff to re-allege claims from an earlier EEOC charge in a subsequent EEOC charge would

20   render the 90-day statute of limitations meaningless because a plaintiff could evade the deadline

21   simply by seeking another right-to-sue letter.").

22           Here, plaintiff filed four EEOC charges.  The first, charge 555-2020-00834, was filed on

23   March 10, 2020.  ECF No. 45-2 at 4.  The second, charge 555-2020-01235, was filed on

24   September 10, 2020.  *Id.* at 10.  The third, charge 555-2021-00521, was filed on February 4,

25   2021.  *Id.* at 17.  The fourth, charge 555-2022-00729, was filed on May 16, 2022.  *Id.* at 27.

26   Plaintiff has emphasized that she intends this action to proceed only on the second charge,

27   numbered 555-2020-01235.  ECF No. 50 at 2.  That charge was filed on September 10, 2020,

28   ECF No. 45-2 at 10-11, and she received notice of her right to sue on May 9, 2023, *id.* at 15.

1    Plaintiff filed this action on July 31, 2023, within the ninety-day deadline specified by that notice

2    of her right to sue.  ECF No. 1.

3        Defendant contends that plaintiff's complaint is untimely, because her other three charges

4    received their own notices of right to sue, and plaintiff did not file her complaint within ninety

5    days of those deadlines.  I agree in part.  The first charge, which advanced a sex discrimination

6    claim, is untimely insofar as the attendant right to sue notice is dated March 20, 2020.  ECF No.

7    45-2 at 4, 7.  The other two charges, however, were filed while the second was pending.  Thus,

8    plaintiff did not use them to attempt to circumvent the ninety-day deadline.  The only case that

9    defendant cites supporting the argument that later charges render an earlier, pending charge

10   untimely, is from the district of South Carolina and, thus, nonbinding.  *See Jackson v. Costco*

11   *Wholesale Corp.*, No. 6:20-cv-04415-DCC, 2022 U.S. Dist. LEXIS 76505 (D.S.C. Apr. 27,

12   2022).  Moreover, here, a substantial amount of time passed between the filing of the second

13   charge and its attendant notice of right to sue, from September 2020 to May 2023.  ECF No. 45-2

14   at 11, 15.  It is understandable, then, that plaintiff might have believed that filing additional

15   charges were warranted.  Those additional charges did not extend the ninety-day deadline because

16   the notice of right to sue had not issued and it makes little sense to penalize plaintiff for filing

17   them.  The function of the period is to act as a statute of limitations, and plaintiff's actions neither

18   extended nor circumvented it.  *See Valenzuela v. Kraft*, 801 F.2d 1170, 1174 (9th Cir. 1986)

19   ("[T]he 90-day filing period is a statute of limitations subject to equitable tolling in appropriate

20   circumstances.").

21       More importantly, plaintiff's third and fourth charges challenge different adverse actions

22   than does her second.  Although all three complain of retaliation in response to her first EEOC

23   charge, the third alleges that in January 2021, defendant improperly revoked her access to her

24   work email account in January 2021, ECF No. 45-2 at 18; the fourth alleges that defendant

25   improperly refused to rehire plaintiff for the Spring 2022 semester, *id.* at 28.

26       Accordingly, I find that the retaliation claim contained in charge 555-2020-01235, which

27   challenges plaintiff's May 2020 termination, to be timely, and I further find that it constitutes the

28   only valid claim in this suit.  All other claims, to the extent the complaint purports to raise any,

1  should be dismissed.

2  **Motion to Strike**

3      I also recommend that defendant's motion to strike be granted in part.  Therein, it argues

4  that the "addendum" and "statement of demand, relief, and requests" portions of the complaint

5  should be struck.  ECF No. 46-1 at 3-4.  The addendum, defendant argues, contains allegations

6  that are immaterial, impertinent, and scandalous.  The statement of demand, it argues, contains

7  requests for unavailable relief, such as firing offending staff.  These arguments are well taken.

8      Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an

9  insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R.

10  Civ. P. 12(f).  The addendum is plainly immaterial insofar as it alleges various misdeeds by a

11  laboratory technician and college volunteer.  ECF No. 43 at 36-41.  These allegations are

12  irrelevant insofar as they, as alleged, do not reflect any misdeeds by defendant.  Instead, the

13  addendum implicates only individuals who are not part of this suit.

14      I will also strike the portions of the statement of demand that seek the termination of other

15  employees, enforcement of state court orders, and "assurances and preventative measures" that

16  require non-defendant employees of the defendant to issue written statements crafted to plaintiff's

17  liking.  These requests for relief are beyond the purview of this suit.

18  **Conclusion**

19      Accordingly, it is RECOMMENDED that:

20      1. Defendant's motion to dismiss, ECF No. 45, be GRANTED in part as follows:

21          a.  all claims other than the retaliation claim set forth in charge 555-2020-01235 be

22  DISMISSED without leave to amend as untimely; and

23          b.  the motion be denied in all other respects.

24      2. Defendant's motion to strike, ECF No. 46, be GRANTED in part as follows:

25          a.  The "addendum" portion of the amended complaint, ECF No. 43, be stricken,

26  as are the portions of the "statement of demands" set forth in the analysis above; and

27          b.  The motion be denied in all other respects.

28

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    May 20, 2025

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE