UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA SAYYEDALHOSSEINI,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LOS RIOS COMMUNITY COLLEGE DISTRICT,<br><br>　　　　　　Defendant. | Case No.  2:23-cv-1571-DJC-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff brings this case alleging that defendant Los Rios Community College District violated Title VII of the Civil Rights Act of 1964 by unlawfully terminating her employment in retaliation for a discrimination complaint that she and her husband filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). ECF No. 42 at 14.  Pending is her motion to strike portions of defendant's answer, ECF No. 64, which defendant has opposed, ECF No. 66, and plaintiff has submitted a reply in support of, ECF No. 68.  After review of the pleadings, I recommend that the motion to strike be granted in part.

Under Rule 12(f) "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The function of this rule "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973

1

(9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)).  Here, plaintiff seeks to strike several portions of defendant's answer to his complaint: (1) portions of the complaint that "deny the accuracy, credibility[,] and probative value of the EEOC Determination letter in Charge No. 555-2020-01236; (2) "misrepresentations" that attempt to justify plaintiff's termination by offering non-retaliatory reasons for the firing; (3) sections that characterize his claims as being limited to EEOC Charge #555-2020-01236; (4) section V of the answer that denies the portion of the amended complaint titled "acknowledgement and contradictions by Los Rios administration;" (5) section VI of the answer that denies all allegations contained in the complaint's damages section; (6) all twenty-three of defendant's affirmative defenses; and (7) defendant's demand for a jury trial.  ECF No. 63-1.

        I.        Portions of the Complaint that Deny the Accuracy or Credibility of the EEOC Determination

Plaintiff argues that the court should strike portions of the answer that deny the accuracy, probative value, or credibility of the EEOC's findings in its determination letter issued with respect to Charge No. 555-2020-01235.  ECF No. 64-1 at 9.  Questions of evidentiary weight should not be resolved on a motion to strike, however.  "If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits."  *Champlaie v. BAC Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1039 (E.D. Cal. 2009).

        II.        Misrepresentations Justifying Plaintiff's Termination

The same rationale for denying plaintiff's request to strike the previous section also applies here.  Whether defendant's proffered rationales for termination are misrepresentations is a question of the merits, not to be resolved on a motion to strike.

        III.        Sections that Characterize his Claims as Being Limited to EEOC Charge #555-2020-01235

Plaintiff argues that portions of the answer that characterize her claims as being limited to EEOC charge #555-2020-01235 should be struck, because she never conceded that events which took place before or after that charge was filed were not part of this suit.  As defendant notes,

however, plaintiff previously said as much in her opposition to defendant's motion to dismiss. ECF No. 47 at 6 ("The [first amended complaint] focuses only on EEOC Charge # 555-2020-01235."). Thus, I decline to strike this portion of the answer.

### IV.     Section V

Section V of the answer states only that defendant denies all allegations in the complaint's "acknowledgement and contradictions by Los Rios administration" section, to the extent that any factual allegations are made therein. ECF No. 60 at 5. Plaintiff argues that the denial is "unsupported," ECF No. 64-1 at 15-16, but, once again, a motion to strike is not the appropriate vehicle for adjudicating the merits or the facts.

### V.     Section VI

Plaintiff seeks to strike defendant's denial of allegations in the statement of demand, relief, and requests. ECF No. 64-1 at 15. She argues that the remedies sought are made in good faith and are legally permissible. *Id.* The answer, with respect to this section, states only "[t]o the extent any factual allegations are made, Defendant denies each and every allegation contained in this section." ECF No. 60 at 5. That is permissible, and I find no reason to strike this portion of the answer.

### VI.     Affirmative Defenses

Defendant includes twenty-three affirmative defenses in its answer and, unsurprisingly, plaintiff challenges each of them.

#### 1. First Defense

Defendant concedes that its first defense, a failure to plead facts, is inapposite and withdraws it. ECF No. 66 at 5.

#### 2. Second Defense

Defendant's second defense, that plaintiff failed to mitigate damages, is sufficient. An affirmative defense need only give plaintiff fair notice of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). And "courts have typically held that a generalized statement, such as the one used in the instant case, meets defendant's pleading burden with respect to the affirmative defense of damage mitigation." *Bd. of Trs. of the San Diego Elec. Pension Trust v.*

*Bigley Elec., Inc.*, NO. 07-CV-634-IEG (LSP), 2007 U.S. Dist. LEXIS 50892, *7 (S.D. Cal. July 12, 2007).

### 3. Third Defense

Defendant's third defense, that the statute of limitations expired before this action commenced, also gives plaintiff sufficient notice of the defense. There is, as defendant notes, only one type of claim at issue in this suit and, thus, one statute of limitations that might apply. Whether it is true or legally correct is a separate question that need not be decided on a motion to strike. *See Xu v. City of Los Angeles*, No. 2:23-cv-01575-FLA (SP), 2023 U.S. Dist. LEXIS 212828, at *4 (C.D. Cal. Oct. 18, 2023) ("[A] motion to strike affirmative defenses is not to decide the merits and courts do not strike affirmative defenses simply because they will fail.").

### 4. Fourth Defense

Similarly, defendant's fourth defense, that plaintiff failed to comply with statutory prerequisites before filing this suit, gives plaintiff sufficient notice. Plaintiff's motion to strike understands, and defendant's opposition confirms, that the defense implicates the question of whether plaintiff complied with the prerequisites of Title VII before filing this suit. ECF No. 64-1 at 18-19; ECF No. 66 at 7.

### 5. Fifth Defense

Defendant's fifth defense, waiver, is withdrawn pursuant to their opposition with leave to reassert it in the future. ECF No. 66 at 7.

### 6. Sixth Defense

Defendant's sixth defense, unclean hands, should be struck because it fails to identify the factual basis on which it rests. Thus, the motion is granted with respect to this defense.

### 7. Seventh Defense

Defendant's seventh defense asserts the doctrine of laches, and plaintiff argues that it does not apply where a lawsuit was brought within the statute of limitations. ECF No. 64-1 at 20. As defendant argues, however, laches is distinct from the statute of limitations. *See Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002) ("Laches serves as the

counterpart to the statute of limitations, barring untimely equitable causes of action."). I decline to strike this defense.

### 8. Eighth Defense

Defendant's eighth defense asserts the doctrine of estoppel, and it is withdrawn with leave to reassert it in the future pursuant to the opposition. ECF No. 66 at 8.

### 9. Ninth & Tenth Defense

Defendant has withdrawn its ninth and tenth defenses, good faith and consent respectively, with reservation that it may reassert them in the future. *Id.*

### 10. Eleventh Defense

Defendant's eleventh defense is failure to exhaust administrative remedies. As defendant argues, plaintiff has, based on the claim at issue in this suit, notice that this defense applies to the administrative remedies required to exhaust a Title VII claim. I decline to strike this defense.

### 11. Twelfth Defense

Defendant's twelfth defense is that plaintiff's claims, to the extent that they differ from the administrative charge filed with the EEOC, are barred. Plaintiff takes issue with the merits of this defense, but that is not a reason to strike the defense. She also argues that the defense does not specify which claims are beyond the scope of her EEOC charge, but she has notice and appears to understand that the defense would apply to any claims that fall outside EEOC charge #555-2020-01235.

### 12. Thirteenth Defense

Defendant's thirteenth defense asserts all defenses available under Rules 12(b)(2), (4), (5), and (6). Defendant withdraws this defense pursuant to its opposition but is not waiving its ability to raise such defenses in the future. ECF No. 66 at 9.

### 13. Fourteenth Defense

Defendant has also withdrawn, with leave to assert it again in the future, its fourteenth defense, asserting all the defenses and immunities available under the United States Code Sections and Constitution. *Id.*

14. Fifteenth Defense

Defendant's fifteenth defense asserts that the defendant is entitled to attorney's fees under the statutes plaintiff sues under, because the action is frivolous. This is sufficient to give plaintiff notice of the defense and the argument upon which it rests.

15. Sixteenth Defense

Defendant has withdrawn its sixteenth defense, asserting that any symptoms of mental or emotional distress or injury are the result of a pre-existing psychological disorder.

16. Seventeenth and Eighteenth Defenses

Defendant's seventeenth and eighteenth defenses challenge the constitutionality of punitive damages and assert that any punitive damages must be commensurate with public fines or penalties imposed for similar conduct. The merits of these arguments are, once again, not at issue here and the defenses provide plaintiff ample notice. I decline to strike these defenses.

17. Nineteenth Defense

Defendant withdraws its affirmative defense arguing that plaintiff fails to state facts entitling him to punitive damages. ECF No. 66 at 11. It notes that it retains the right to challenge punitive damages on summary judgment. *Id.*

18. Twentieth and Twenty-First Defenses

Defendant's twentieth and twenty-first defenses assert that legitimate reasons support the challenged employment decision, and, even if "other factors" did motivate the decision, the decision would have been made anyway. In a Title VII retaliation action, the plaintiff must prove "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338, 360, (2013). And, in its answer, defendant offered other rationales for the firing. Thus, I decline to strike these defenses.

19. Twenty-Second Defense

Defendant's twenty-second defense is that after-acquired evidence may bar or limit the allegations and damages sought by the First Amended Complaint. The answer is non-specific by nature because "the inquiry is whether discovery might plausibly reveal a terminable offense."

*Murphy v. Trader Joe's*, No. 16-cv-02222-SI, 2017 U.S. Dist. LEXIS 7754, *7-8 (N.D. Cal. Jan. 19, 2017). I decline to strike this defense.

### 20. Twenty-Third Defense

Defendant withdraws its twenty-third defense, which reserves the right to assert additional affirmative defenses, but does not waive the right to assert additional defenses in the future as provided by law. ECF No. 65 at 12.

### VII. Right to a Jury Trial

Next, plaintiff seeks to strike defendant's request for a jury trial. ECF No. 64-1 at 30. She argues that such a demand is improper because he has waived his own right to a jury trial. *Id*. Any party may demand a trial by jury, however. Fed. R. Civ. P. 38(b). Thus, I decline to strike this portion of the answer.

### VIII. Prayer for Relief

Finally, plaintiff asks that the court strike defendant's "prayer for relief" wherein it asks that plaintiff take nothing by this suit, that judgment be entered in its favor, and that defendant be awarded the costs of suits, including attorney's fees. ECF No. 64-1 at 30. Plaintiff argues that her suit has merit but, again, that is not a reason to strike a portion of the answer. The merits will be decided as this case progresses, and defendant is entitled to lodge its request for relief in its answer.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion to strike, ECF No. 64, be GRANTED in part.

2. Defendant's sixth affirmative defense, unclean hands, be stricken.

3. Defendant's First, Fifth, Eighth, Ninth, Tenth, Twelfth, Thirteenth, Sixteenth, Seventeenth, and Twenty-Third Affirmative Defenses be deemed withdrawn.

4. The motion is DENIED in all other respects.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to

1  Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
2  within fourteen days of service of the objections. The parties are advised that failure to file
3  objections within the specified time may waive the right to appeal the District Court's order. *See*
4  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
5  1991).

IT IS SO ORDERED.

Dated:    December 19, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE