UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SONIA SAYYEDALHOSSEINI,

Plaintiff,

v.

LOS RIOS COMMUNITY COLLEGE DISTRICT,

Defendant.

Case No.   2:23-cv-1571-DJC-JDP (PS)

ORDER

On January 7, 2026, the court issued a discovery and scheduling order.  ECF No. 81.  Prior to that, however, on December 30, 2025, plaintiff filed a motion for summary judgment.  ECF No. 77.  Shortly thereafter, defendants filed an ex parte application and motion to continue or deny plaintiff's motion for summary judgment.  ECF Nos. 78 & 79.  Plaintiff opposes defendants' motion.  ECF No. 81.  Because plaintiff's motion was filed before the scheduling order issued, and the parties have not had the opportunity to engage in discovery, plaintiff's motion is denied without prejudice as premature, and defendants' motions are denied as unnecessary.[1]

---

[1] Although the Federal Rules to not prohibit a party from seeking early summary judgment, considering this district's heavy caseload, it would not be an inefficient use of this court's limited judicial resources to address plaintiff's motion prior to completion of discovery.  To find otherwise would likely result in need to consider successive motion for summary

1

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 77, is DENIED as premature.

2. Defendants' ex parte application and motion to continue, ECF Nos. 78 & 79, are DENIED as unnecessary.

IT IS SO ORDERED.

Dated:    January 14, 2026    _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

judgment, leading to piecemeal adjudication of this case. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) (holding that because "of the potential for abuse of the procedure[,] . . district courts retain discretion to 'weed out frivolous or simply repetitive motions'"); *Allstate Fin. Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961) (federal courts "do not approve in general the piecemeal consideration of successive motions for summary judgment, since" the parties should "be held to the requirement that they present their strongest case for summary judgment when the matter is first raised").